**Patricia WOODS, Plaintiff–Appellant,**

v.

**John POTTER, Postmaster, United States Postal Service, Defendant–Appellee.**

**Docket No. 02–6302.**

United States Court of Appeals, Second Circuit.

May 20, 2003.

Patricia Woods, Bronx, New York, for Appellant, pro se.

James B. Comey, U.S. Attorney, S.D.N.Y., Russell M. Yankwitt, Jeffrey Oestericher, Assistant U.S. Attorneys, S.D.N.Y., New York, New York, for Appellee.

PRESENT: OAKES, WINTER, and KATZMANN, Circuit Judges.

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT,**

BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 20th day of May, Two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Patricia Woods, *pro se*, appeals the district court's grant of summary judgment to defendant (John Potter, Postmaster, United States Postal Service, hereafter the "USPS") on her claim that the USPS discriminated against her on the basis of her color, gender and disability when it failed to accommodate her disability, exposed her to sexual harassment and terminated her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq.*

This Court reviews a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 68 (2d Cir.2000). The Court will affirm a district court's grant of summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id.* (internal citations omitted).

The district court correctly concluded that Woods's claims are barred by *res judicata*. Title VII and other employment discrimination claims are governed by the federal *res judicata* doctrine, which requires a transactional analysis of whether a claim is precluded from adjudication by a previous decision. *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38–39 (2d Cir. 1992). Thus, "a judgment upon the merits in one suit is res judicata in another where the parties and the subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end." *Id.*

Woods presented to the district court in this case the same claims that she presented in her previous case, that the USPS terminated her because of her disability and refused to rehire her. *See Woods v. Runyon*, 1998 WL 314885 (S.D.N.Y. June 12, 1998). In support of those claims in her previous case, she made the same allegation that the USPS did not treat her the same as others on "light duty" in that the USPS failed to accommodate her disability by assigning her to positions that caused her to re-injure her back. *Id.* at *1. The court decided against her in that case on the ground that the USPS did not have notice of her disability, if she was so disabled, and that she had not established that she was otherwise qualified to perform her job because of her record of absenteeism. *Id.* at *5–*9. The decision was affirmed. *Woods v. Runyon*, 173 F.3d 848 (2d Cir.1999) (*unpub.*). Woods's racial and gender discrimination claims, including her claim of sexual harassment by her union delegate, involved the same transaction that was the subject of the previously decided suit, Woods's termination and the circumstances surrounding it, and could have been brought in that suit. Accordingly, the district court properly dismissed

her claims in this case as barred by *res judicata*.

As Woods's claims were legally barred from adjudication, she was not deprived of her right to a jury. *See New York v. Lashins Arcade Co.*, 91 F.3d 353, 362 n. 7 (2d Cir.1996). Also, as Woods never requested counsel from the district court, there was no final order denying her counsel and thus, this Court has no jurisdiction to hear such an appeal. 28 U.S.C. § 1291.

For the foregoing reasons, we hold that the judgment of the district court is hereby AFFIRMED.